## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Civil Case Number: 4:13-cv-10121-JEM

PAUL E. BATES, an individual, and )
COCONUT COVE RESORT & )
MARINA, INC., a Florida Corporation, )
                                  )
        Plaintiffs, )
                                  )
vs. )
                                  )
                                  )
ISLAMORADA, VILLAGE OF ISLANDS, )
a Florida municipality, GERALD )
ALBERTSON, in his individual capacity, )
and FLORIDA KEYS ELECTRIC )
COOPERATIVE ASSOCIATION, INC., )
a Florida corporation, )
                                  )
        Defendants. )
_____)

**CIVIL COMPLAINT &
DEMAND FOR JURY TRIAL**

## AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

Plaintiffs PAUL E. BATES ("BATES") and COCONUT COVE RESORT & MARINA, INC. ("COCONUT COVE"), a Florida corporation, sue Defendants ISLAMORADA, VILLAGE OF ISLANDS (the "VILLAGE"), GERALD ALBERTSON, an individual ("ALBERTSON"), and FLORIDA KEYS ELECTRIC COOPERATIVE ASSOCIATION, INC. ("FKEC"), and allege:

### I.   NATURE OF ACTION AND JURISDICTION

1.      This is a civil action under 42 U.S.C. §1983 seeking damages, declaratory judgment and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States and under the laws of the State of Florida; retaliating against Plaintiff

1

BATES for his exercise of constitutionally protected speech; and destroying the Plaintiffs'
business and source of income.

2.     This case arises under the United States Constitution and 42 U.S.C. §1983 and
§1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§1331 and
1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202,
42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure.

3.     Plaintiffs bring this action for damages incurred due to ALBERTSON's and
VILLAGE's unlawful order demanding that FKEC disconnect the electrical utility service to the
Plaintiffs' property located at 84801 Overseas Highway, Islamorada, Florida, 33036 (the
"Subject Property") in retaliation for Plaintiff BATES' exercise of his free speech rights, and his
institution and maintenance of various legal actions against the VILLAGE and ALBERTSON, in
the Sixteenth Judicial Circuit Court in and For Monroe County, Florida.

4.     This Court is an appropriate venue for this cause of action pursuant to 28
U.S.C. §1391(b)(1) and (b)(2). The actions complained of took place in this judicial district,
specifically in Monroe County, Florida; the Subject Property is located in this judicial district;
and the Defendants are located in, and regularly conduct their business and affairs in, this
judicial district.

## II.     PARTIES

5.     Plaintiff BATES is a resident of Monroe County, Florida, and is a hotelier and the
proprietor of BATES' BED & BREAKFAST ("B&B"), a bed and breakfast operated in his home
where he and his family reside. He is a principal of COCONUT COVE.

6.     Plaintiff COCONUT COVE is a Florida corporation, which owns a portion of the
Subject Property, and which operates a motel, restaurant and marina thereon.

7. Defendant VILLAGE is a Florida municipality created under the authority of §166, Fla. Stat., and a "person" subject to suit within the meaning of 42 U.S.C. §1983. The VILLAGE is charged with the implementation and enforcement of state, county and municipal statutes, laws and codes within its municipal territory, and with the oversight and supervision of its employees and personnel. The VILLAGE is sued for damages, declaratory judgment and injunctive relief.

8. Defendant ALBERTSON is an individual residing in Monroe County, Florida and is employed by the VILLAGE as its Building Official responsible for overseeing the implementation and enforcement of the Florida Building Code in Islamorada, Florida. Defendant ALBERTSON is being sued for damages in his individual capacity.

9. Defendant FKEC is a Florida corporation which supplies electrical utility services throughout Monroe County, Florida including, but not limited to, those areas within the territorial limits of Islamorada, Village of Islands. The FKEC is being sued for declaratory and/or injunctive relief .

10. At all times relevant hereto, Defendants VILLAGE and ALBERTSON acted under color of state law.

## III. BACKGROUND

11. On or about October 29, 1993, Plaintiff COCONUT COVE purchased a parcel of land located on Windley Key in Monroe County, Florida. The street address of such property is 84801Overseas Highway, Islamorada, Florida 33036.

12. Thereafter, on November 23, 1998, Plaintiff BATES purchased the property adjacent to that owned by COCONUT COVE, which bears the same street address and is

connected to the same electrical service lines. The two properties are hereinafter referred to collectively as the "Subject Property."

13.     Prior to incorporation of the VILLAGE, BATES had applied for and obtained a building permit for his residence from Monroe County. At the time, bed and breakfasts were permitted uses of residences in Monroe County.

14.     After incorporation and in and around 2000, Plaintiffs made it known to the VILLAGE that they intended to construct and operate a Bed and Breakfast ("B&B") on the Subject Property. Defendant VILLAGE and the then Building Official of the VILLAGE had requested that Plaintiffs sign a restrictive covenant prohibiting the use of BATES' home as a bed and breakfast and limiting its use to a single family residence before issuing a building permit for construction. BATES refused and ultimately the building permit was nonetheless issued and his residence constructed.

15.     In 2003, pursuant to plans submitted and approved by the VILLAGE, Plaintiff BATES constructed his primary residence and in 2004, a second story was added.

16.     BATES' home was built for use as Plaintiff BATES' primary residence, containing a Bed and Breakfast. Such residence was approved for connection to the FKEC's electrical utility service, which supplied power to the existing buildings on the Subject Property.

17.     During the construction of the residence in 2003, Defendant VILLAGE, through its then Building Official, Fire Chief, Council and attorneys, was aware of Plaintiff BATES' use of his home as a primary residence containing a Bed and Breakfast. In 2003, it was specifically noted that the electrical panel being installed in the residence was labeled for "motel room, lobby and commercial" purposes.

18.     In 2004, Plaintiffs applied for, and were subsequently awarded a license to operate their 11 room B&B by the State of Florida, Department of Business and Professional Regulation. Said license has been maintained at all times material hereto.

19.     During this time period, Plaintiff BATES became a very vocal activist in the community, calling for a stricter ethical code and the replacement of certain municipal officials. BATES and COCONUT COVE had also been involved in various legal proceedings with the VILLAGE.

20.     In retaliation for BATES' free speech and political activism, and further motivated by the desire to bankrupt Plaintiffs, the VILLAGE embarked upon a course of action to damage and intimidate Plaintiffs through the concerted abuse of its municipal powers, including but not limited to its:

      a.     Enactment of Ordinance 05-13, which eliminated B&Bs as a permissible use of residences located in Islamorada, Village of Islands, without any rational basis or even discussion therefore. Plaintiffs' Bed and Breakfast was the only operating bed and breakfast within the municipal limits and the elimination was directed solely at BATES;

      b.     Initiation of unfounded and meritless code enforcement proceedings relating to the bed and breakfast;

      c.     Improper contact with Plaintiffs' lenders;

      d.     Improper photographing of guests in their rooms, necessitating a no trespass order;

      e.     Depriving Plaintiffs of their vested rights, which necessitated the filing of two Bert Harris proceedings, still pending in the Sixteenth Judicial Circuit in and for Monroe County, Florida;

     f.     Bringing armed and loaded law enforcement officers to the deposition of ALBERTSON taken in one of those proceedings;

     g.     Hiding documents in the course of litigation;

     h.     Failing to fully comply with the Sunshine Law and failing to provide complete responses to public records requests;

     i.     Failing to consider mediated settlement agreements in the Sunshine;

     j.     Calling Plaintiffs' insurance company to cancel one of his insurance policies; and

     k.     Burdening Plaintiffs in every way possible to deprive them of their rights and property without due process of law, and denying them equal protection.

### IV. HIDING BEHIND THE RUSE OF CODE ENFORCEMENT AND LIFE SAFETY

21.     Knowing that its previous efforts were not an effective deterrent, VILLAGE once again turned to code enforcement in an attempt to shut Plaintiffs down and prevent the continued operation of BATES' Bed and Breakfast, then claiming it had not been properly permitted.[1]

22.     In 2009, the VILLAGE, under the guise of a "routine" fire inspection of Plaintiffs' property, falsely represented to Plaintiffs that all commercial properties within the Village had been inspected. Plaintiffs learned that not all comparable properties had been inspected and therefore refused.

23.     The "routine" fire inspection was for the sole purpose of securing additional proof of the operation of the Bed and Breakfast and to require costly improvements, including the addition of a sprinkler system, which could have the effect of bankrupting Plaintiffs or requiring Plaintiffs to shut down the operation of the bed and breakfast.

---

[1] There was no specific permit for a bed and breakfast within the Village at the time of the construction.

24.     In 2009, the decision had been made by the VILLAGE to institute code enforcement proceedings.

25.     Another request for a "routine" fire inspection was made in 2010 and Plaintiffs still refused, but the VILLAGE was already in the process of preparing its notice of violation as it contended that the use of the residence had changed. This supposed change of use purportedly created "safety violations" and therefore sprinklers were now required in this 2 story residence on stilts.

26.     On May 6, 2011, at the suggestion of the VILLAGE's attorneys, and without any notice to Plaintiffs, the VILLAGE's Fire Chief procured an inspection warrant for the Subject Property predicated upon a false affidavit.

27.     On May 12, 2011, in an unprecedented and unwarranted attempt to search the Plaintiffs' property, the VILLAGE and its Fire Chief employed excessive procedures, arriving with a detail of police officers in full uniform and notably armed, along with other individuals in order to further injure the Plaintiffs' business interests.

28.     On May 23, 2011, the Plaintiffs permitted the VILLAGE's inspectors to enter the Subject Property and perform a safety inspection. As a result of the inspection, only minor violations were discovered and were immediately corrected by Plaintiffs within a few days of such inspection. At the time of the inspection, the VILLAGE's fire inspector indicated Plaintiffs' facility was one of the most code compliant facilities in the Village.

29.     Notwithstanding in August 2011, over two and a half months after the inspection which yielded no substantial violations, the VILLAGE issued Plaintiffs a "Cease and Desist Order" instructing Plaintiffs to cease all operations as a B&B due to the lack of a fire sprinkler

system, failing which it would be added to the Code Enforcement proceedings instituted resulting from the purported change of use.

30.     Plaintiffs did not cease use of the residence as a bed and breakfast and the notice of violation was amended to include the purported fire safety violations. The code enforcement hearing was scheduled for September 2011, but was ultimately canceled and has never been rescheduled. The VILLAGE has discontinued further prosecution of the alleged code enforcement violations, choosing instead to deprive Plaintiffs of due process of law.

31.     In 2012, again without notifying the Plaintiffs, the VILLAGE filed a request for a declaratory statement from the Florida Fire Marshall to determine whether a two story building on stilts, such as the Plaintiffs' B&B, was considered to be three stories for the purpose of applying the Florida Fire Prevention Act.

32.     BATES was advised the request would be dismissed as proceedings were pending, but the VILLAGE intentionally misrepresented the nature of the proceedings to deprive Plaintiffs of an opportunity to participate.

33.     In the unopposed request in November 2012, the Fire Marshall issued a declaratory statement finding that a two story building on stilts was, for the purpose of applying the fire code, to be considered the same as a three story building.

34.     Prior to Plaintiffs' learning of any declaratory statement, VILLAGE published the statement to the press solely to destroy Plaintiffs' business. Plaintiffs only learned of the declaratory statement when contacted by a reporter, asking questions.

35.     Plaintiffs attempted to appeal the declaratory statement to the District Court of Appeal of Florida, Third District, but the appeal was dismissed upon motion of the VILLAGE

because Plaintiffs were not parties to the administrative proceeding and were found not to have the right to appeal.

36.      On May 17, 2013, ALBERTSON, being fully informed that he lacked the requisite authority to enforce the illegal Cease and Desist Order, advised Plaintiffs that they had not complied with such Order issued August 11, 2011, and that should Plaintiffs fail to comply with the two-year-old Cease and Desist Order by May 28, 2013, ALBERTSON would "order the electric power to be turned off." A copy of the letter is attached hereto as Exhibit "A".

37.      Plaintiffs met with VILLAGE and ALBERTSON as invited, but to no avail as VILLAGE has created a catch 22. Because bed and breakfasts are no longer a permissible use in the Village, no building permit can be issued.

38.      Five weeks later, on June 26, 2013, ALBERTSON, acting as Building Official for the VILLAGE, ordered the FKEC to disconnect electrical service to the Subject Property, notwithstanding that:

      a.      no emergency condition exists;

      b.      there are other similarly situated transient properties, i.e., two stories on stilts without sprinkler systems and even three story transient properties without sprinkler systems;

      c.      a sprinkler system was not required when BATES' residence was constructed;

      d.      the "safety violations" only exist because a planning decision was made to now characterize the bed and breakfast as a hotel; and

      e.      Defendant VILLAGE had rejected Plaintiffs' application for the "required" stairs. A copy of the VILLAGE's plan review comments are attached hereto as Exhibit "B".

     39.     FKEC requested ALBERTSON to certify that an emergency exists, which he finally did on July 3, 2013.

     40.     Plaintiffs have been damaged as a result of Defendants VILLAGE and ALBERTSON's wrongful actions complained of herein.

     41.     Plaintiffs have employed the undersigned attorneys and have promised to pay them a reasonable fee for their services.

**COUNT I:**

**CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. §§1983, 1988**
**VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS**
**(VILLAGE)**

     42.     Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 41 as though fully restated herein.

     43.     The Plaintiffs' continued electrical service to his primary residence and B&B is a property right protected by the Fourteenth Amendment of the Constitution of the United States.

     44.     The Plaintiffs have been deprived of their constitutionally protected right to continued electrical service by ALBERTSON's issuance of the order, on behalf of the VILLAGE, to disconnect electrical service to the Subject Property.

     45.     The VILLAGE has acknowledged that no avenue exists for Plaintiff to request a hearing, challenge ALBERTSON's determination, or even restore their constitutionally protected property rights after the same have been disconnected.

46.     In ordering that the electrical service to the Subject Property be disconnected, without providing a hearing on, or any means to challenge such order, whether pre-deprivation or post-deprivation, Defendant VILLAGE has deprived Plaintiffs of their property rights without providing constitutionally adequate due process.

WHEREFORE, Plaintiffs, PAUL E. BATES and COCONUT COVE RESORT & MARINA, INC., respectfully request this Court enter judgment against Defendant ISLAMORADA, VILLAGE OF ISLANDS as follows:

a.  For appropriate equitable relief against Defendant as allowed by the Civil Rights Act of 1871, 42 U.S.C. §1983, including the enjoining and permanent restraining of these violations, and direction to Defendant to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful deprivation of Plaintiffs' property rights are eliminated and do not continue to affect Plaintiffs or others;

b.  For appropriate declaratory relief regarding the unlawful and unconstitutional acts of the Defendant;

c.  For appropriate compensatory damages in an amount to be determined at trial;

d.  For an award of reasonable attorney's fees and their costs on their behalf expended as to such Defendants, pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1988; and

e.  For such other and further relief this Court deems just and proper.

## COUNT II:

## CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. §§1983, 1988
### VIOLATION OF PLAINTIFFS' FOURTEENTH AMENDMENT EQUAL PROTECTION RIGHTS
### (ALBERTSON and VILLAGE)

47.    Plaintiffs  reallege and reaver the allegations contained in Paragraphs 1 through 41 as though fully restated herein.

48.    There are several other properties in the Village of Islamorada which are substantially similar to COCONUT COVE.  There are numerous other lodging establishments which are two story buildings on stilts, which do not have sprinkler systems installed.

49.    No other two story on stilts lodging establishment has had its power turned off based upon any "emergency" condition, and it is clear that simply existing as a two story lodging establishment on stilts cannot itself be considered an "emergency" condition.

50.    Defendants ALBERTSON and VILLAGE have intentionally treated Plaintiffs differently from others similarly situated, without any rational basis for that difference in treatment, and the difference in treatment is due to malicious and bad faith intent on the part of ALBERTSON and VILLAGE to injure Plaintiffs.

51.    Defendants ALBERTSON and VILLAGE's treatment of Plaintiffs is clearly intentional.  Not only did Defendants VILLAGE and ALBERTSON demand that Defendant FKEC turn off the Plaintiffs' power, but Defendants VILLAGE and ALBERTSON continuously made such demands, even when FKEC questioned the propriety of the shutoff.  Finally, Defendant ALBERTSON represented to FKEC that Plaintiffs' bed and breakfast as a two story hotel on stilts did, in fact, present an immediate danger to life or property.

52.    Defendants VILLAGE and ALBERTSON's specific targeting of the Plaintiffs' property and disparate treatment of the same as compared to other similarly situated properties, has deprived Plaintiffs of their constitutionally guaranteed right to equal protection under the laws.

53.     There is no rational basis for the treatment of Plaintiffs from the other substantially similarly situated parcels in the Village of Islamorada.  The claimed basis for the electrical shutoff is an "emergency."  However, there are numerous other two story buildings on stilts, even true three story buildings not on stilts that serve as hotels, that do not have sprinkler systems and do not present an immediate danger to life or property.  None of those parcels have had their electrical service shut off and Defendants VILLAGE and ALBERTSON do not deem their condition to constitute a danger to life or property and are permitted to operate without a disconnect order being issued.

54.     Defendants VILLAGE and ALBERTSON's order to Defendant FKEC to shutoff Plaintiffs' electric service is the latest punishment inflicted by the VILLAGE against the Plaintiffs for exercising their constitutionally protected rights.  Plaintiffs have been involved in ongoing litigation with Defendant VILLAGE for over a decade.  The order to shutoff the Plaintiffs' power in the absence of any actual emergency has no rational basis and is based upon an entirely illegitimate animus.

WHEREFORE, Plaintiffs, PAUL E. BATES and COCONUT COVE RESORT & MARINA, INC., respectfully request this Court enter judgment against Defendants, GERALD ALBERTSON, individually, and ISLAMORADA, VILLAGE OF ISLANDS, both jointly and severally, as follows:

a.  For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. §1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful

deprivation of Plaintiffs' property rights are eliminated and do not continue to affect

Plaintiffs, or others;

b.  For appropriate declaratory relief regarding the unlawful and unconstitutional acts of

the Defendants;

c.  For appropriate compensatory damages in an amount to be determined at trial;

d.  For an award of reasonable attorney's fees and their costs on their behalf expended as

to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1988; and

e.  For such other and further relief this Court deems just and proper.

### Count III:

### FEDERAL SUPPLEMENTAL JURISDICTION
### DECLARATORY JUDGMENT
### (VILLAGE and FKEC)

55.   Plaintiffs reallege and reaver the allegations contained in Paragraphs 1 through 41

as though fully restated herein.

56.   The Florida Building Code, Section 112.3 provides, in relevant part, that:

> "The *building official* shall have the authority to authorize
> disconnection of utility service to the building, structure or system
> regulated by this code and the referenced codes and standards set
> forth in Section 101.4 in case of emergency where necessary to
> eliminate an immediate hazard to life or property or when such
> utility connection has been made without the approval required by
> Section 112.1 or 112.2."

57.   Defendant VILLAGE contends that the existence of a Bed and Breakfast at the

Subject Property creates an emergency which necessitates the power be disconnected to the

subject property to eliminate an immediate hazard to life or property.

58.   To the contrary, no emergency conditions exist which would pose an immediate

hazard to life or property, as the B&B has been in operation for nearly ten (10) years without

incident and other similarly situated properties are permitted to operate without being deemed an immediate hazard to life or property.

59.     As such, a controversy exists as to whether the operation of a Bed and Breakfast at the Subject Property constitutes an emergency as contemplated by Section 112.3 of the Florida Building Code, thereby granting the building official authority to cause the electrical utility service to the Subject Property be disconnected.

60.     The FKEC avers that the VILLAGE has satisfied all of the prerequisite conditions under Section 112.3 of the Florida Building Code, and that they are required to disconnect the electrical service to the Subject Property.

WHEREFORE, Plaintiffs, PAUL E. BATES and COCONUT COVE RESORT & MARINA, INC., respectfully request this Court to enter judgment:

a.  Declaring that the existence and operation of a Bed and Breakfast at the Subject Property does not constitute an "emergency" as used in Section 112.3, Florida Building Code;

b.  Declaring that the VILLAGE lacks the requisite authority to order the electrical service to the Subject Property be disconnected;

c.  Declaring  that the VILLAGE has not satisfied the requisite elements necessary to disconnect electrical service under Section 112.3 of the Florida Building Code, and therefore the FKEC is not required to disconnect such service;

d.  For an award of reasonable attorney's fees and their costs on their behalf expended as to such Defendants; and

e.  For such other and further relief this Court deems just and proper.

f.

15

## DEMAND FOR JURY TRIAL

PLAINTIFFS DEMAND TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

Respectfully submitted,

THE SILVER LAW GROUP, P.A.
*Attorneys for Plaintiffs*
P.O. Box 710
Islamorada, FL  33036
(305) 664-3363    Telephone
(305) 664-3365    Fax
psilver@silverlawgroup.com
Jannesser@silverlawgroup.com

By: _____
Patricia M. Silver, Esq.
Fla. Bar No. 198919
John W. Annesser, Esq.
Fla. Bar No. 098233

## **VERIFICATION**

VERIFICATION TO BE FILED SEPARATELY UPON AVAILABILITY.

_____
John W. Annesser, Esq.

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___29___ day of August, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

John W. Annesser, Esq.

## SERVICE LIST

**Attorney for Defendants**
**Islamorada, Village of Islands and**
**Gerald Albertson as Building Official for**
**Islamorada**
Jeffrey L. Hochman, Esq.
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
Hochman@jambg.com

**Attorney for Defendant**
**Florida Keys Electric Cooperative Association, Inc.**
Robert E. Geisler, Esq.
MARLOW, CONNELL, ABRAMS, ADLER,
NEWMAN & LEWIS
4000 Ponce de Leon Boulevard, Suite 570
Coral Gables, FL 33146
Tel: (305) 446-0500
Fax: (305) 446-3667
rgeisler@marlowconnell.com
colivera@marlowconnell.com

John W. Annesser, Esq.

# EXHIBIT "A"



*Islamorada,*
*Village of Islands*

May 17, 2013

*VIA EMAIL, FACSIMILE AND CERTIFIED MAIL*

info@coconutcove.net
305-664-4498

Paul Bates
Coconut Cove Resort & Marina
84801 Overseas Highway
Islamorada, FL 33036

Dear Mr. Bates:

Our records indicate that you have not complied with the Cease and Desist Order issued by Islamorada, Village of Islands dated August 2, 2011 for the use of your single family residence as a bed and breakfast operation.

Should the unauthorized use continue after receipt of this notice, I will have no option other than to contact the appropriate entities and order the electric power to be turned off May 31, 2013.

Please contact me at 305-664-6430 no later than May 28, 2013 to discuss possible options to resolve this issue.

Sincerely,

Gerald E. Albertson, CBO / CFM
Building Official

cc: Edward Koconis, Village Manager

# EXHIBIT "B"

# PLAN REVIEW COMMENTS

PERMIT # IN R 13 523   ADDRESS: 84 801

1) How is base of stairs anchored? what does it rest on?

2) Is a slab required?
   If so provide details of slab by engineer

3) Provide new application with correct address

→ 4) remove village required from application form

→ 5) Remove reference to B&B from application

→ 6) Remove reference to B&B from plans

7) Indicate lifting for stair steps

Post-it® Fax Note   7671   Date   # of pages ►
To                    From Gerry Albertson
Co./Dept.             Co.
Phone #               Phone #
Fax # 866 463 1466   Fax # 305 664 6469

mike called & rescheduled until 10°° am Aug 6/26/13

CONTACTED:
Mike Murphy   DATE: 6/25/13   TIME: 1630
CONTACTED BY: ☑ Gerry Albertson   ☐ Wally Waynick   ☐ Matt Koleini
contractor to come in: 0830 6/26/13